**WO**                  NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Randy Warzenski,<br><br>                 Plaintiff,<br><br>v.<br><br>American Airlines,<br><br>                 Defendant. | No. CV-16-00862-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Michael Randy Warzenski's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure. The Court therefore dismisses the Complaint with permission to file an Amended Complaint by April 29, 2016.

**I.     LEGAL STANDARDS**

     **A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

### A. Pleading Requirements

Plaintiff's Complaint lacks any statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a). This defect alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005).

Plaintiff also fails to meet the Rule 8 requirements with regard to stating a claim. While Plaintiff alleges that he "was wrongfully terminated" from his employment with Defendant, he does not allege any basis for a legal claim against Defendant, whether that may be breach of an employment contract, violation of a federal statute or constitutional right, or something else.

### B.     Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Here, the Court will give Plaintiff an opportunity to amend his Complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with permission to file an Amended Complaint by April 29, 2016.

IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by April 29, 2016, the Clerk shall dismiss this action without further Order of this Court.

IT IS FURTHER ORDERED that if Plaintiff elects to file an Amended Complaint, it may not be served on Defendant until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  If and when the Court gives Plaintiff leave to serve an Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 7th day of April, 2016.

Honorable John J. Tuchi
United States District Judge